# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JAMES E. BOSTIC,        )
                            )
          Plaintiff,    )
v.                       )          No. 3:10-mc-00034
                            )          Judge Trauger
JEFF BLUM, et al.,      )
                            )
          Defendants.   )

## O R D E R

The Court has before it a *pro se* prisoner complaint brought pursuant to 42 U.S.C. § 1983. The plaintiff seeks to proceed *in forma pauperis*.  (*See* Docket No. 2).

The plaintiff is a prisoner in the South Central Correctional Facility in Clifton, Tennessee. He alleges that the defendants violated his rights under 42 U.S.C. § 1983 by failing to release him from the South Central Correctional Facility and by failing to permit him to speak on his behalf at a court hearing related to his potential release to a Davidson County Community Mental Health Center.  He further alleges that his attorney ineffectively represented him at the hearing, that he has been deprived of copies of certain legal documents and hearing transcripts, and, ultimately, that his sentence of incarceration is illegal and void.  (*See* Docket No. 1).

The Prison Litigation Reform Act ("PLRA") provides the following with respect to prisoner-plaintiffs:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In other words, a prisoner-plaintiff who falls within the scope of § 1915(g), while not precluded from filing a lawsuit in federal court, may not do so at taxpayer expense unless he is under imminent danger of serious physical injury.  *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).  Section 1915(g) does not provide an independent basis for dismissing an action brought by an inmate; rather, it authorizes the denial or revocation of a prisoner's pauper status.  *Sweatt v. Campbell*, No. 99-6146, 2000 WL 658070, *1 (6th Cir. May 9, 2000).

On at least five (5) prior occasions, the instant plaintiff has filed a civil action or an appeal that falls within the meaning of § 1915(g).  *See Bostic v. Corrs. Corp. of Am., et al.,* Civil Action No. 3:06-0041 (M.D. Tenn.)(dismissed for failure to state a claim on 1/19/06), *aff'd on appeal*, No. 06-5249 (6th Cir. 10/12/06); *Bostic v. Metro. Public Defender's Office, et al.*, Civil Action No. 3:05-0455 (M.D. Tenn.)(dismissed for failure to state a claim on 6/9/05); *Bostic v. Metro. Public Defender's Office, et al.*, Civil Action No. 3:05-1014 (M.D. Tenn.)(dismissed as frivolous on 11/30/05); and *Bostic v. State of Tenn., et al.,* Civil Action No. 3:09-0138 (M.D. Tenn)(dismissed for failure to comply with the instructions of the Court and for want of prosecution on 8/20/09). Significantly, the plaintiff does not allege in the instant complaint that he is in "imminent danger of serious physical injury."   Therefore, pursuant to § 1915(g), the plaintiff's attempt to proceed *in forma pauperis* is **DENIED**.

In *In re Alea*, 286 F.3d 378 (6th Cir. 2002), the Sixth Circuit stated the following with respect to inmates with three strikes under § 1915(g):

> A prisoner who has filed prior civil actions should be
> aware of the disposition of those actions and the

2

> possible application of § 1915(g) to any new actions
> he wishes to pursue. By choosing to file a new
> action, he invokes the jurisdiction of the federal court
> and avails himself of the process afforded by that
> court. Even if the end result is an order of summary
> dismissal under § 1915(g), the action will require a
> considerable amount of time and effort on the part of
> the district court and the court staff. The requirement
> that the full fees be paid for these actions – whatever
> their merit or disposition – will provide a prisoner
> with the incentive to consider carefully whether or not
> to submit a new action to the district court. Not to
> require the payment of the full fee would permit a
> prisoner subject to the three-strikes rule to continue to
> file frivolous civil complaints – thus taking much
> valuable time away from other non-frivolous
> litigation – without any consequence beyond their
> mere dismissal under § 1915(g). The intent of the
> PLRA was to deter such litigation and it would be
> anomalous for a provision of that Act to provide a
> means for the repeated filing of frivolous actions
> without financial consequences to the prisoner
> litigant.

*Id.* at p. 382. With respect to the foregoing, the Sixth Circuit stated that, "[a]lthough the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair." *Id.*

The plaintiff has thirty (30) days from the date of entry of this order to remit the full three hundred fifty dollar ($350.00) filing fee. The plaintiff is forewarned that, failure to remit the full $350.00 filing fee will result in this action being dismissed, and the full amount of the filing fee being assessed against the plaintiff. *Id.*

It is so **ORDERED.**

Aleta A. Trauger
United States District Judge

3