# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES E. BOSTIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-mc-00034 |
| | ) | Judge Trauger |
| JEFF BLUM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff James E. Bostic is a prisoner[1] in the South Central Correctional Facility in Clifton, Tennessee. He brings this action under 42 U.S.C. § 1983. (Docket No. 1). He initially sought to proceed *in forma pauperis* in this matter. (Docket No. 2). Upon review of his application to proceed *in forma pauperis*, the Court found that the plaintiff has, on at least five (5) prior occasions, filed a civil action or an appeal that falls within the meaning of § 1915(g). (Docket No. 6). As a result, the Court denied the plaintiff's application to proceed *in forma pauperis* and directed him to remit the full three hundred and fifty dollar ($350.00) filing fee within thirty (30) days of the entry of the Court's prior Order, which was April 8, 2010. (*Id.*)

In response to the Court's Order, the plaintiff has submitted a document entitled "Plaintiff, Is Sueing [Sic] Each Defendant in Their Official and Individual Capasities [Sic]. Notice of Appeal." (Docket No. 11). The document is not signed by Mr. Bostic. The document does not appear to have been prepared by any of Mr. Bostic's attorneys of record. The Clerk docketed the plaintiff's latest submission as an unsigned Notice of Appeal. The plaintiff submitted no filing fee.

---

[1] Mr. Bostic's complaint and application to proceed *in forma pauperis* were filed *pro se*. (Docket Nos. 1, 2). The docket sheet indicates that, as of April 8, 2010, he is represented by counsel. (Docket Nos. 3, 4, 5). However, Mr. Bostic submitted Docket No. 11 *pro se*.

A plaintiff is required to sign a notice of appeal. Rule 11(a), Fed. R. Civ. P. Therefore, the Clerk is directed to make a copy of Docket No. 11 for the record, and return the original document to the plaintiff. If the plaintiff intended to file a notice of appeal, the plaintiff is directed to return the signed notice of appeal within ten (10) days of the date of entry of this Order.[2]

The plaintiff is advised that the Court's Order of April 8, 2010, remains in effect. (Docket No. 6). That is to say, the plaintiff has thirty (30) days from April 8, 2010, to remit the full three hundred fifty dollar ($350.00) filing fee for initiating his § 1983 case in this Court. The plaintiff is forewarned **again** that, failure to remit the full $350.00 filing fee will result in this action being dismissed, and the full amount of the filing fee being assessed against the plaintiff. *Id*. This is true regardless of whether the plaintiff signs and returns the notice of appeal.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge

---

[2] In addition to filing a signed notice of appeal, to prosecute a civil appeal in this matter, the plaintiff also must pay either the appellate filing fee, or submit an application to proceed *in forma pauperis* with a certified copy of his trust fund account statement. 28 U.S.C. § 1915(a)(2).